# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00083-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **ANDRA DEVON SMITH,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion, which the Court construes as a motion for reduction in sentence or for release to home confinement [Doc. 40].

## I. BACKGROUND

In August 2019, the Defendant Andra Devon Smith was convicted of one count of possession of a firearm by a convicted felon. [Doc. 36]. He was sentenced to 33 months' imprisonment. [Id.]. He is currently serving his sentence at FCI Petersburg Low. According to the Bureau of Prisons website, his projected release date is May 24, 2021.[1] The Defendant now moves for a reduction in his sentence pursuant to 18 U.S.C. §

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 24, 2020).

3582(c)(1)(A)(i) or, alternatively release to home confinement, due to the ongoing COVID-19 pandemic. [Doc. 40].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant purports to have exhausted his administrative remedies. [See Doc. 40-1]. Accordingly, the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. The Defendant bears the burden of establishing that he is eligible for a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant asserts that the ongoing pandemic constitutes an extraordinary and compelling reason warranting his release. The Defendant,

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

however, does not allege in his motion any factors that differentiate him from any other federal prisoner. Specifically, he does not identify any medical issues that place him at any enhanced risk to contract or suffer from the virus. The mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3] This is especially true where, as here, the Defendant is housed at a facility that to date has no confirmed cases currently among its staff or its inmate population.[4]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[4] See https://www.bop.gov/coronavirus (last visited July 24, 2020) (noting that FCI Petersburg Low has no cases currently and that one staff member has recovered from the virus).

To the extent that the Defendant seeks release to home confinement, his motion also must be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because

5

the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original). Accordingly, the Defendant's request for a release to home detention is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion, which the Court construes as a motion for reduction in sentence or for release to home confinement [Doc. 40], is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 27, 2020

Martin Reidinger
Chief United States District Judge

6

Case 1:18-cr-00083-MR-WCM   Document 41   Filed 07/27/20   Page 6 of 6